# KENTUCKY COURT OF APPEALS

A. F. FREEMAN *v.* A. LEVI.

**Landlord and Tenant.**
Landlord's lien on goods must be satisfied before general creditors. The sale of such goods does not operate as an assignment for the benefit of creditors under Act of 1856.

**Landlord and Tenant.**
Where real estate under lease is not surrendered, but is left vacant, the landlord purchasing such goods may deduct from purchase price amount of rent due for time the real estate was vacant.

APPEAL FROM SHELBY CIRCUIT COURT.

June 18, 1874.

OPINION BY JUDGE PETERS:

No question is raised as to the indebtedness of Keefer to Freeman for the rent of the house in which the goods were stored; nor is it controverted that Freeman had a lien on the goods in the house, for his rent. They were fairly sold for an adequate price, including the rent for the unexpired time the lease had to run; and as Freeman had a right to have his demand for rent satisfied out of the goods, before Levi, or any other creditor could subject them to the satisfaction of their demands, the sale of the goods by Keefer to Freeman or his agent, did not operate as an assignment to the benfit of all the creditors of Keefer under the act of 1856.

The writing, evidencing the sale of the goods to Freeman by Keefer, does not stipulate for the surrender of the possession of the house by Keefer, but it may be inferred from the evidence of Ellingewood that it was surrendered; and he says in June of the same year it was rented to another tenant; that, however, does not authorize the conclusion that Freeman was to lose the rent for the time it was unoccupied. The strong presumption is that the time the house might be vacant was considered in the negotiations for the sale, as the goods were really worth more than $101, the amount of rent then actually due. It seems to us that Freeman should have $101 out of the price of the goods, that being the sum then due, and the further sum of $93.75, the rent for the three months during the time the house was unoccupied; and the residue

I

of the price for which the goods were sold should be paid to *Levi*, and Freeman pay the costs in the court below. Wherefore the judgment is *reversed* and the cause is remanded with directions to render a judgment as herein directed.

*Caldwell, Harwood, for appellant.*
*A. G. Roberts, for appellee.* ·